Matter of Faison v New York City Taxi & Limousine Commn. (2019 NY Slip Op 07024)





Matter of Faison v New York City Taxi & Limousine Commn.


2019 NY Slip Op 07024


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9962 101530/18

[*1]In re Solomon R. Faison, Jr., Petitioner,
v
The New York City Taxi and Limousine Commission, Respondent.


Solomon R. Faison, Jr., appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.



Determination of respondent New York City Taxi and Limousine Commission (TLC), dated August 24, 2018, which found that petitioner had allowed a vehicle to be operated for hire without a permit in violation of Administrative Code of the City of New York § 19-506(b)(1), and imposed a fine of $1,500, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan A. Madden, J.], entered February 20, 2019), dismissed, without costs.
Respondent's determination is supported by substantial evidence, namely an undercover TLC officer's testimony that petitioner agreed to provide him with a ride from the airport to a local college for money (Matter of Williams v New York City Taxi & Limousine Commn. , 225 AD2d 502, 503 [1st Dept 1996], lv denied 88 NY2d 812 [1996]). Petitioner testified that he agreed to give the TLC officer a ride to the boulevard, where he could catch a cab, and the ride was of no monetary value, but if the passenger wanted to give him a tip, it was fine. The Hearing Officer credited the TLC officer's testimony, a determination "largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to a lifeless record" (see Berenhaus v Ward , 70 NY2d 436, 443 [1987]).
The penalty imposed is not so disproportionate to the violation as to shock the conscience, since it was within the statutory penalty for the first-time violation (see Administrative Code of the City of New York § 19-506[e][1]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK